ON APPLICATION FOR REHEARING
BOWEN, Judge.
On original submission, this Court held that the defendant’s sentence (as a youthful offender) to three years’ imprisonment for the misdemeanor of assault in the third degree was unauthorized. On rehearing, the Attorney General agrees with that holding.
However, the Attorney General takes issue with this statement in our opinion: “Furthermore, we find no statute authorizing a trial court to sentence a youthful offender adjudged guilty of a misdemeanor to ‘boot camp’ under the Department of Corrections.” The Attorney General argues that “no statute prevents a trial judge from ordering such a sentence and that the language of the statute itself modifies the punishment that may be given for conviction of a misdemeanor and does authorize such sentence.” Appellee’s application for rehearing at 2. We disagree.
Alabama Code § 15-18-8 (Supp.1990) provides in pertinent part:
“(a) When a defendant is convicted of an offense and receives a sentence of 15 years or less in any court having jurisdiction to try offenses against the state of Alabama and the judge presiding over the case is satisfied that the ends of justice and the best interests of the public as well as the defendant will be served thereby, he may order:
[[Image here]]
“(2) That the convicted defendant may be confined, upon consultation with the commissioner of the Alabama department of corrections (hereinafter called department) in a disciplinary, rehabilitation, conservation camp program (hereinafter called program) of the department. The convicted defendant shall be received into the department in accordance with applicable department rules and regulations and may be placed in the program after completion of this initial reception.... Upon receipt of this report [from the commissioner as to whether or not the defendant has completed the program], the sentencing court may, upon its own order, suspend the remainder of the sentence and place the convicted defendant on probation as provided herein or, order the convicted defendant to be confined to a prison, jail-type institution or treatment institution for a period not to exceed three years and that the execution of the remainder of the sentence be suspended and the defendant be placed on probation *1018 for such period and upon such terms as the court deems best.”
(Emphasis added.)
Section 13A-5-7(a) provides: “Sentences for misdemeanors shall be a definite term of imprisonment in the county jail or to hard labor for the county.... ” Section 15 — 18—1(b) provides, in pertinent part: “In all cases in which the imprisonment or sentence to hard labor is 12 months or less, the party must be sentenced to imprisonment in the county jail or to hard labor for the county. No misdemeanor prisoner may be sentenced to the penitentiary.” (Emphasis added.) We view this as a prohibition against the sentencing to penitentiary “boot camp” upon conviction of a misdemeanor.
The appellee’s application for rehearing is overruled.
OPINION EXTENDED; APPLICATION OVERRULED.
All Judges concur.